Sidney A. Fine J.
This is a motion by four defendants for summary judgment dismissing the second cause of action.
The second cause of action alleges that plaintiff executed a trust indenture to defendant, Salkin, as trustee, without knowledge that Salkin was the attorney for conflicting interests and without disclosure by Salkin of that fact; that plaintiff thereafter executed two documents, amending the provisions of the indenture, and also a purported informal accounting and release of Salkin, individually and as trustee (Exhibit G), without fully understanding said documents, and in reliance upon Salkin’s false representations that they were routine business papers prepared by him to protect plaintiff’s interest. The complaint seeks judicial cancellation of the indenture, the amendments thereto and the other documents. The cause of action also seeks the cancellation of a partnership agreement which Salkin, as trustee, had been authorized by Exhibit Gr to enter into.
The motion to dismiss is based solely upon the claim that plaintiff, on January 28,1957, with full knowledge of the conflict of interest complained of and of the nature of the documents executed by him, paid $20,000 to Salkin, as trustee, to be added to the corpus of the trust fund. Defendants contend that the making of this payment, which recognized the continued existence of the trust, was inconsistent with the attempt to set aside the trust indenture and constituted affirmance and ratification thereof (Kazaras v. Manufacturers Trust Co., 4 A D 2d 227).
The payment of the $20,000, as an addition to the corpus of the trust, was a purely voluntary one, for the circumstances which plaintiff claims caused him to make the payment did not constitute legal duress. The payment was made with knowledge on plaintiff’s part of the facts upon which he bases his attempt to set aside the trust indenture and the amendments thereto. By making the addition of $20,000 to the corpus of the trust, plaintiff necessarily recognized the continued existence and validity of the trust and of the amendments thereto, of which he had meanwhile acquired knowledge and understanding. It is immaterial that plaintiff may not have intended to ratify the trust indenture and the amendments. The payment, being necessarily inconsistent with the invalidity of the indenture as amended, had the effect of ratifying the same, regardless of whether or not plaintiff intended that result. “ The law simply does not permit a party in the case supposed to exercise two alternative or inconsistent rights or remedies. Even though he expressly states that he intends to reserve a right, he will, nevertheless, lose it if he takes an inconsistent course.” (3 Williston on Contracts [rev. ed.], § 684, p. 1971.)
*248 The addition of $20,000 to the corpus of the trust did not, however, necessarily constitute ratification of the document (Exhibit G-) in which plaintiff purported (1) to approve Salkin’s accounting as trustee for a 10-year period, (2) to release Salkin for that period, (3) to authorize Salkin to retain a specified amount as his commissions, and (4) to authorize Salkin to enter into a partnership agreement, as trustee for plaintiff. The payment of the $20,000 at most recognized the validity of the trust indenture, as amended. It was in no way inconsistent with plaintiff’s attack upon the validity of Exhibit G-. Though the payment barred plaintiff from setting aside the trust indenture, it in no way affected his right to claim that his purported approval of all Salkin’s acts as trustee for a 10-year period and his release to Salkin were void because obtained through fraud. Similarly, the payment did not affect plaintiff’s right to attack the partnership agreement which Salkin entered into as trustee for plaintiff. Recognition of the validity of the trust did not carry with it recognition of the validity of all the acts of the trustee during the life of the trust.
The motion, made under rules 113 and 114 of the Rules of Civil Practice, is granted only to the extent of dismissing, pursuant to rule 114 that part of the second cause of action which seeks to set aside the trust indenture and the amendments thereto. In other respects, the motion is denied.