■ THEODORE LIPIN, Appellant, v. A. LOEB SALKIN et al., Respondents, et al., Defendants.— Special Term has held that plaintiff by contributing $20,000 to the corpus of the trust has ratified the trust indenture and amendments thereto because such act as a matter of law was inconsistent with his continuing contention that the instruments were invalid. It is our opinion that a trial is required so that plaintiff may have an opportunity to present his proof that the payment was not made with intent to ratify the trust indenture but was the result of a form of duress. While it is not elaborated upon in the briefs it appears that plaintiff is attempting to bring his case within the modern doctrine of economic duress or compulsion. Thereunder it might be found upon a trial that the payment of money has been made under such circumstances of business necessity or compulsion as to make the same involuntary. (17A Am. Jur., Duress & Undue Influence, § 7; 5 Williston on Contracts [rev. ed.], § 1618; 45 Mich. L. Rev., pp. 253–290.) It appears from the record that at the time of making the payment plaintiff was engaged in an attack both in and out of court upon the trustee and his activities. In the midst thereof demand was made by the trustee that plaintiff make the payment or have his participation in the trust reduced pro rata. Plaintiff in the then pending judicial settlement proceeding attempted to obtain an order to stay the threatened action of the trustee. When this failed he was forced to decide between making the payment or suffering a serious financial loss. In the light of these and other facts it was error to dismiss that portion of the complaint seeking to set aside the trust indenture and amendments thereto. Order so far as appealed from unanimously reversed, with $20 costs and disbursements, and the motion denied in all respects, with $10 costs. Concur— Botein, P. J., Breitel, McNally and Bastow, JJ. [10 Misc 2d 246.]